UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 05-403(4)(DSD)
Civil No. 12-849(DSD)

United States of America,

       Plaintiff,

v. **ORDER**

Andrew Harland Salus,

       Defendant.


This matter is before the court upon the pro se motion by defendant Andrew Harland Salus to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Based upon a review of the file, records and proceedings herein, the court denies the motion.

**BACKGROUND**

In 2006, defendant pleaded guilty to distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). In exchange, the government dismissed charges of distribution, conspiracy and possession with intent to distribute methamphetamine. On September 18, 2007, the court granted the government's motion for a downward departure and sentenced defendant to 72 months imprisonment followed by four years of supervised release. Defendant did not appeal. Defendant was released from incarceration and began his term of supervised

release on January 26, 2011. Defendant now moves to correct his sentence, arguing that he was improperly sentenced as a career offender.

**DISCUSSION**

Section 2255 provides a person in federal custody a limited opportunity to challenge the constitutionality, legality or jurisdictional basis of a sentence imposed by the court. 28 U.S.C. § 2255. A person serving a term of supervised release is in custody for purposes of § 2255. United States v. Queen, 90 F. App'x 197, 198 (8th Cir. 2004) (citation omitted).

A movant is entitled to an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Accordingly, a § 2255 motion can be dismissed without an evidentiary hearing if the defendant's allegations, accepted as true, do not entitle him to relief or the allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998).

As an initial matter, the court notes that defendant filed the present motion past the one-year limit defined by statute. 28 U.S.C. § 2255(f). Defendant's judgment became final in 2007, but

2

he did not file the present motion until 2012.  Moreover, no exception applies.  Cf. id.  Defendant argues that he was improperly sentenced as a career offender based on Amendment 268 to the United States Sentencing Guidelines.  Amendment 268 became effective November 1, 1989, well before defendant was sentenced: it was not an impediment or new law or facts.  As a result, the present motion is time barred.  Further, defendant did not raise the career-offender question on appeal, and it is procedurally defaulted.

Even if the motion were timely and not defaulted, review of the revised presentence investigation report shows that defendant's Guidelines offense level of 34 was based on the quantity of methamphetamine, not whether he was a career offender.  The report notes that his level would be the same if he were sentenced as a career offender.  With 32 criminal history points, defendant fell in criminal history category VI, leading to an advisory Guidelines range of 188 to 235 months.  As a result, the record contradicts the present claim.  The court did not base its departure on an incorrect starting range, and therefore, denial is warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside or correct sentence [ECF No. 204] is denied; and

3

2.   Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

Dated:   April 9, 2012

                                                                s/David S. Doty
                                                                David S. Doty, Judge
                                                                United States District Court